## Oscar Skaer, by his next friend, v. Ben Schwartz.

1.  CRIMINAL CODE—*section 175 construed.* The taking and carrying away of fruit from trees may constitute larceny within the meaning of this section of the Criminal Code.

2.  CRIMINAL CODE—*section 175 construed.* There is no conflict between this section and section 267 of the Criminal Code.

3. SLANDER—*what essential that words alleged as slanderous will be taken upon demurrer to be actionable per se.* It is not necessary that the words spoken shall by themselves constitute a technical charge of the crime alleged in order to be actionable *per se.* It is sufficient on demurrer, if the court can see that the language used may reasonably bear the construction put upon it in the declaration in the light of all the facts and circumstances.

Action on the case for slander. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1905. Reversed and remanded with directions. Opinion filed March 22, 1906.

MILLER, WINKELMANN & OGLE, for appellant.

BARTHEL & KLINGEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair County, by appellant against appellee, to recover for slanderous words alleged to have been spoken by appellee, of and concerning appellant. A demurrer was interposed to the declaration and sustained by the court. Appellant elected to stand by his declaration, whereupon the court rendered judgment that appellee "go without day." Appellant duly excepted.

The errors assigned are: "The court erred in sustaining the demurrer to the first and second count of the amended declaration." "The court erred in rendering judgment on the demurrer in favor of appellee."

The amended declaration originally consisted of three counts, but appellant had dismissed as to the third. The case comes to us as though it had originally consisted of the first and second counts only of the amended declaration.

In the first count it is, in substance, averred that one John Maurer was lawfully in possession of a certain orchard, containing certain apple trees, upon which a certain quantity of apples were grown; that the said apples were of the value of $15, and were the property of the said Maurer; that the said apples had been feloniously stolen, taken and carried away, by some person or persons un-

known; that before and at the time of the speaking of the words complained of, appellee knew that said apples had been stolen, and that said theft was known to many of the inhabitants and citizens of the neighborhood where appellant resided; that prior to the speaking of such words appellant was of good name and reputation; that appellee, well knowing the premises, but contriving and maliciously intending to injure appellant in his good name and to bring him into public scandal, infamy and disgrace, and to cause it to be suspected and believed that he was guilty of said theft, falsely and maliciously in the presence and hearing of said inhabitants and citizens, who then and there understood the language, in a loud voice spoke and published of and concerning the children of Charles Skaer, including appellant, who is one of said children, the false scandalous, malicious and defamatory words in the German language, that is to say: "*Ich* (meaning defendant) *habe dem Charles Skaer seinen grossen und neuen Weber und Damm Wagen gesehen im Apfelgarten, wo der Charles dem John Maurer gerentet hat, und ich* (meaning defendant) *habe gesehen, dass einer auf dem Baum war und die Aepfel geschuettelt, und dem Skaer sein Maedchen und Bub haben sie aufgelesen*" in German, as follows: "*So weit wie ich weiss, war Oscar Skaer auf dem Baum gewesen.*"

Which said German words signified and meant in the English language as follows: "I (meaning defendant) have seen Charles Skaer's great and new Weber and Damm wagon in the apple orchard (meaning the orchard from which the apples were stolen), which Charles had rented to John Maurer, and I (meaning defendant) have seen that one (meaning plaintiff) was up in the tree (meaning the tree in said orchard), and shook off the apples, and Skaer's boy and girl (meaning Charles Skaer's children, to wit: said plaintiff and his sister) picked up the apples (meaning the apples shaken off the tree and as aforesaid stolen). So far as I (meaning defendant) know, Oscar Skaer (meaning plaintiff) has been up the tree " (meaning tree in the said orchard from which said apples were shaken as aforesaid).

Defendant thereby then and there meaning and having it so understood by the said hearers that said plaintiff had been and was guilty of the theft aforesaid, and the said inhabitants and citizens who then and there heard the defendant utter and publish said German words, understood that that was the meaning of the said German words.

The second count does not differ materially from the first, except in the words alleged to have been spoken by appellee. In the second count the charge is as follows: "*Einer von Karl Skaer's seinen Buben hat die Aepfel vom Baum geschuettelt, und die kleinen Kinder haben die Aepfel aufgelesen und haben sie auf den Wagen gethan. So weit ich weiss, war Oscar Skaer auf dem Baum gewesen.*" Which said words signified and meant in the English language as follows: "One of Charles Skaer's boys (meaning plaintiff) shook the apples from the tree (meaning the shaking of the said tree in the said orchard), and the small children (meaning Charles Skaer's children) picked the apples up and put them in the wagon. So far as I (meaning the defendant) know, Oscar Skaer was up in the tree."

Counsel for appellee say in support of their demurrer : "That this language is not actionable *per se*, as it charges the commission of no criminal offense, and special damages should have been alleged to make it actionable," in such case.

This contention is based upon the facts that the declaration in each count charges that in speaking the language complained of, appellee meant to have it understood that appellant was guilty of theft and that his hearers so understood it, thus limiting the charge to the offense of larceny; and that the taking of fruit meant from an orchard under the facts averred, does not constitute larceny at common law, but only a civil trespass.

This does not meet the whole case. We have a statute, section 175 of the Criminal Code, which provides: "Whoever, by trespass, with intent to steal, takes and carries away anything which is parcel of the realty or annexed thereto, the property of another of some value, against his

will, shall be guilty of such larceny as he would be guilty of if such property were personal property." As to this feature of the case, counsel for appellee contend that this statute has no application to the taking and carrying away of fruit from trees and the like, "that it applies only to the stealing of chattels real," and they suggest that the only statute making such trespass as is disclosed in the declaration a criminal offense, is section .267, which is as follows: "Whoever shall hereafter enter the enclosure of any person without leave of the owner and take, destroy, or carry away any part or portion of the fruit of any apple, pear, peach, plum or other fruit tree or vine or bush, shall be fined not exceeding one hundred dollars;" and that this statute defines only the offense of criminal trespass and not larceny.

While we agree with counsel that section 267 does not apply to this case, we cannot agree with them that the taking and carrying away of fruit from trees and the like cannot be larceny under section 175 above quoted.

Section 267 was first enacted in 1861 (Laws of 1861, page 125), while section 175 was not enacted until 1874 (Revised Statutes of 1874, page 378). We think there is no conflict between these sections, but if any be found, the later act must prevail over the former. Section 175 clearly includes the taking and carrying away of fruit from trees, under the circumstances therein specified. The language is, "anything which is a parcel of the realty or annexed thereto." This language includes not only fixtures of all kinds, but minerals, trees, corn, fruit, and all other crops. These are, in all the strictest sense, "parcel of the realty or annexed thereto." Chattels real, to which counsel say this section alone applies, are quite other and distinct. They are classes or kinds of property interests arising out of or dependent upon real estate, and are not "parcel of the realty," within the sense or meaning of that phrase as used in section 175. Chattels real are such as estates for years, at will, by sufferance, and various interests of uncertain duration. Any estate in lands which does not amount to a freehold is a chattel real. Section 267 relates to mere

Skaer v. Schwartz.

trespasses, while section 175 relates to certain " trespasses with intent to steal." In Halsey v. Stillman, 48 Ill. App. 413, it is held, " an action may be sustained upon words imputing to another the crime of larceny under the statute cited."   Sec. 175.

Counsel further contend that the language charged does not warrant the conclusion that appellee meant to have it understood that appellant stole the apples or that he was guilty of larceny with respect thereto. They say, "it merely charges him with being on the tree and shaking apples." All the words used must be considered together and in the light of all the facts and circumstances disclosed. It is not necessary that the words spoken shall by themselves constitute a technical charge of the crime alleged, in order to be actionable *per se*. It is sufficient on demurrer, if the court can see that the language used may reasonably bear the construction put upon it in the declaration in the light of all the facts and circumstances averred.

Counsel further says, " there is nothing in the averments which justifies applying these words to appellant rather than to one of the other boys." Under our statute whoever stands by and aids, abets or assists in the commission of a crime, "shall be considered as the principal, and punished accordingly." It is not necessary that the language used should have been meant to charge appellant with stealing the apples alone and unassisted. It is enough if it was meant to include him as being present and having in any manner aided, abetted or assisted thereunto.

We are of opinion the Circuit Court erred in sustaining appellee's demurrer to appellant's declaration. The judgment of the Circuit Court is reversed and the cause remanded, with directions to that court to overrule the demurrer.

*Reversed and remanded with directions.*